JORGE GARZA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; OTILA R. GARZA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Garza v. Commissioner
Docket Nos. 14241-92, 14242-92
United States Tax Court
T.C. Memo 1993-64; 1993 Tax Ct. Memo LEXIS 67; 65 T.C.M. (CCH) 1961; February 25, 1993, Filed *67 An appropriate order of dismissal and decision will be entered in each case. For respondent: Russell A. Acree III. DRENNEN
DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: These cases were assigned to Special Trial Judge Stanley J. Goldberg by Orders dated August 19, 1992, pursuant to the provisions of section 7443A(b)(4) [1] and Rules 180 and 181. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: These cases are before the Court on respondent's motions to dismiss for failure to state a claim upon which relief can be granted. The motions, filed in each case on August 17, 1992, were scheduled for a hearing in Houston, Texas, on November 30, 1992. When these cases were called from the calendar, respondent's counsel appeared and was heard. *68 However, neither petitioner appeared, nor did anyone appear on behalf of either petitioner. On March 24, 1992, respondent issued two separate notices of deficiency to Jorge Garza, petitioner husband, and Otila R. Garza, petitioner wife, in which she determined the following deficiencies in, and additions to, each of their Federal income taxes for the years 1984 through 1989: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6653(a)
6653(a)
6654(a)
(1)(A)
(1)(B)
1984
$ 4,581
$ 1,145
$ 229
[1]
-- --
$ 288
1985
23,879
5,970
1,194
n1
-- --
1,368
1986
87,809
21,952
-- --
$ 4,390
n1 4,249
1987
10,939
2,735
-- --
547
n1 591
1988
8,669
2,167
433
N/A
-- --
555
1989
7,459
1,865
-- --
-- --
505
On June 25, 1992, petitioner husband and *69 petitioner wife filed separate petitions in their respective cases, docket Nos. 14241-92 and 14242-92, seeking redetermination of their tax deficiencies and additions to tax as determined by respondent on their deficiency notices. Each petition used Tax Court Form 2 as the petition, and each generally disputed all of the tax deficiencies and additions to tax as determined by resdpondent. However, the only claim made in either petition to support the requested redetermination of tax was the following statement in paragraph 4: "I did not have any taxable income for all those years so I was not required to file a tax return". Thereafter, on August 17, 1992, respondent filed, in each case, a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And In The Alternative For More Definite Statement. On August 19, 1992, we granted respondent's motion in each of these cases but only with respect to her request for a more definite statement. We also ordered each petitioner to file an amended petition by September 15, 1992, in which they were to set forth, pursuant to Rule 34(b)(4) and (5), each specific error alleged to have been made by respondent in the determination *70 of their respective deficiencies, as well as separate statements of every fact upon which each petitioner bases the assignments of error. We further ordered that the portion of respondent's motions requesting this Court to dismiss these cases, for failure to state a claim upon which relief can be granted, be scheduled for a hearing at the trial session of the Court beginning on November 30, 1992, in Houston, Texas. As mentioned above, neither petitioner appeared for the scheduled hearing in Houston. No representative appeared on behalf of either petitioner. Moreover, neither petitioner has filed an amended petition in compliance with our Order of August 19, 1992. Rule 31(a) states that "The purpose of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions." Rule 34(b)(4) provides that a petition filed in this Court shall contain "Clear and concise assignments of each and every error which petitioner alleges to have been committed" by respondent in the determination of the deficiency and additions to tax in dispute. "Any issue not raised in the assignment of errors shall be deemed to be conceded." *71 Rule 34(b)(5) provides that the petition shall contain "Clear and concise lettered statements of the facts on which the petitioner bases the assignments of error". Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, upon respondent's motion, we may dismiss a petition for failure to state a claim when it appears beyond doubt that petitioner can prove no set of facts in support of his claim that would entitle him to relief. ; . Respondent argues that we should grant both of her motions to dismiss these two cases because neither of the respective petitioners complies with Rule 34 in that both fail to allege any justiciable errors in respondent's determinations or to allege any facts in support of any alleged errors. We agree that neither petitioner in these cases has alleged a single justiciable error in his or her petition. Clearly, the mere denial of the Commissioner's determination, without more, does not adequately raise a factual issue under *72 our Rules. , affg. an unpublished order of this Court; . The determinations made by respondent in a notice of deficiency are presumed to be correct. Rule 142(a); . Furthermore, any issue not raised in the pleadings is presumed to be conceded. Rule 34(b)(4); ; . Accordingly, because neither petitioner has raised any justiciable facts or issues in his or her petition, we will grant respondent's motions to dismiss these cases. See ; ; . To reflect the foregoing, An appropriate order of dismissal and decision will be entered in each case. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩